**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALFONSO TORRES-SANCHEZ, | No. 09-74115 |
| Petitioner, | Agency No. A092-228-395 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 11, 2014[**]
San Francisco, California

Before: N.R. SMITH and CHRISTEN, Circuit Judges, and PIERSOL, Senior
District Judge.[***]

Alfonso Torres-Sanchez, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals (BIA) affirming an immigration

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Lawrence L. Piersol, Senior District Judge for the U.S.
District Court for the District of South Dakota, sitting by designation.

judge's (IJ) decision finding Torres-Sanchez removable based on his California conviction for a crime involving moral turpitude.[1] Under 8 U.S.C. § 1252(a)(2)(C), "except as provided in subparagraph (D), no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2)." The offenses covered by § 1182(a)(2) include crimes involving moral turpitude. *Id.* § 1182(a)(2)(A)(i)(I). "This court has jurisdiction to determine whether jurisdiction exists." *Morales v. Gonzales*, 478 F.3d 972, 977 (9th Cir. 2007) (citation and internal quotation marks omitted). We do not have jurisdiction, therefore we must dismiss the petition.

California Penal Code § 288(a) criminalizes lewd or lascivious acts upon or with the body of a child who is under the age of 14 years, "with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." Torres-Sanchez conceded before the BIA, and before this court, that if he had been convicted of violating § 288(a), then he would be subject to deportation because violation of § 288(a) is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2)(A)(i)(I). Therefore, the only question before us is

---

[1] Because the parties are familiar with the facts of the case, we will not recount them here.

2

whether there is reasonable, substantial, and probative evidence that Torres-Sanchez was convicted of violating § 288(a). 8 U.S.C. § 1229a(c)(3)(A).

The IJ granted Torres-Sanchez two continuances to await the result of his motion to vacate his conviction in state court. On August 27, 2009, Torres-Sanchez's attorney informed the IJ that the motion to vacate the state conviction was denied. At that same hearing the IJ acknowledged that the state conviction was for violation of § 288(a). The record contains a felony complaint charging Torres-Sanchez with violating § 288(a) and several minute orders concerning that charge. These are appropriate documents to rely on as proof of a criminal conviction in these circumstances, and these documents establish that Torres-Sanchez was convicted of violating § 288(a). 8 U.S.C. § 1229a(c)(3)(B).

This court has jurisdiction to review "constitutional claims or questions of law." *See id.* § 1252(a)(2)(D). But such claims "must present a colorable claim," meaning "the claim must have some possible validity." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009). None of the arguments raised by

Torres-Sanchez in his petition are colorable.[2]  Therefore, we lack jurisdiction to review the BIA's decision affirming the IJ's removal order.  *See* 8 U.S.C. §§ 1252(a)(2)(C) & (D).

The petition is **DISMISSED** for lack of jurisdiction.

---

[2]  Torres-Sanchez also raised claims on appeal that were not raised to the BIA and are therefore unexhausted.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the agency).